UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC A. LENZ,

        Plaintiff,

  v.                                        Case No. 20-cv-1810-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates that he is not employed, he is married, and he is responsible for supporting his 16-year-old son and 12-year-old daughter. Dkt. No. 3 at 1. The plaintiff's wife currently receives $1,186 per month in unemployment compensation, and the plaintiff's household receives $240 per month in Food Share, for a total

1

monthly income of $1,426. Id. at 2. The plaintiff lists monthly expenses totaling $1,295 ($472 mortgage, $150 credit card payments, $570 other household expenses—not including food, which is covered by Food Share—$103 life and car insurance). Id. at 2-3. The plaintiff owns a 1997 Honda Odyssey worth approximately $500 and a 2001 Oldsmobile Intrigue worth approximately $1,000; he owns his home, worth approximately $70,000 with $10,000 in equity; he owns no other property of value; and he has approximately $200 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "We are a one income family and currently my wife has been on unemployment since March due to Covid her new employer down sized positions and postponed her training and new position before she could start." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

    The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

2

Case 1:20-cv-01810-PP    Filed 12/09/20    Page 2 of 3    Document 5

The plaintiff's complaint states that he is seeking review of an unfavorable decision by the Commissioner of Social Security, that he was disabled during the time period included in this case, and that he believes the Commissioner's unfavorable conclusions and findings of fact when denying benefits are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 9th day of December, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**